Nos. 2023-1475, 2023-1533

_____

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

_____

APPLE INC.,
*Appellant*

LG ELECTRONICS INC., LG ELECTRONICS USA, INC., GOOGLE LLC,
*Appellees*

v.

GESTURE TECHNOLOGY PARTNERS, LLC,
*Cross-Appellant*

_____

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board, in Case Nos. IPR2021-00920, IPR2022-00091, IPR2022-00359

_____

## APPELLANT APPLE INC.'S UNOPPOSED MOTION FOR
## 59-DAY EXTENSION OF TIME TO FILE PRINCIPAL BRIEF

_____

Adam P. Seitz
Clifford T. Brazen
ERISE IP, P.A.
7015 College Blvd,
Suite 700
Overland Park, KS 66211
(913) 777-5600

*Counsel for Appellant Apple Inc.*

Paul R. Hart
ERISE IP, P.A.
5299 DTC Blvd.
Suite 1340
Greenwood Village, CO 80111
(913) 777-5600

*Counsel for Appellant Apple Inc.*

**FORM 9. Certificate of Interest**                    Form 9 (p. 1)
                                                       July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

### CERTIFICATE OF INTEREST

| | |
|---:|:---|
| **Case Number** | 2023-1475 |
| **Short Case Caption** | Apple Inc. v. Gesture Technology Partners, LLC |
| **Filing Party/Entity** | Apple Inc. |

**Instructions:** Complete each section of the form.  In answering items 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.  **Please enter only one item per box; attach additional pages as needed and check the relevant box.**  Counsel must immediately file an amended Certificate of Interest if information changes.  Fed. Cir. R. 47.4(b).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 02/22/2023            Signature:  /s/ Adam P. Seitz

                            Name:       Adam P. Seitz

| 1. Represented Entities.<br>Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest.<br>Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders.<br>Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☑ None/Not Applicable |
| Apple Inc. | None | None |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐    Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities.  Do not include those who have already entered an appearance in this court.  Fed. Cir. R. 47.4(a)(4).

☑  None/Not Applicable          ☐  Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**5. Related Cases.** Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal.  Do not include the originating case number(s) for this case.  Fed. Cir. R. 47.4(a)(5).  See also Fed. Cir. R. 47.5(b).

☐  None/Not Applicable          ☐  Additional pages attached

| | | |
|---|---|---|
| Gesture Technology Partners, LLC v. Samsung Electronics Co., Ltd., 2:21-cv-00041, in the United States District Court for the Eastern District of Texas | Gesture Technology Partners, LLC v. Apple Inc., 6:21-cv-00121, in the United States District Court for the Western District of Texas | Gesture Technology Partners, LLC v. Lenovo Group Ltd., 6:21-cv-00122, in the United States District Court for the Western District of Texas |
| Gesture Technology Partners, LLC v. LG Electronics, Inc., 6:21-cv-00123, in the United States District Court for the Western District of Texas | Gesture Technology Partners, LLC v. Huawei Device Co., Ltd., 2:21-cv-00040, in the United States District Court for the Eastern District of Texas | Gesture Technology Partners, LLC v. Unified Patents, LLC, No. IPR2021-00917, before the Patent and Trial Appeal Board |
| Gesture Technology Partners, LLC v. Apple Inc., Appeal No. 2023-1463, US Court of Appeals for the Federal Circuit | Apple Inc. v. Gesture Technology Partners, LLC, Appeal No. 2023-1494, US Court of Appeals for the Federal Circuit | Apple Inc. v. Gesture Technology Partners, LLC, Appeal No. 2023-1501, US Court of Appeals for the Federal Circuit |

**6. Organizational Victims and Bankruptcy Cases.** Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees).  Fed. Cir. R. 47.4(a)(6).

☑  None/Not Applicable          ☐  Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |

Pursuant to Federal Rule of Appellate Procedure 26(b) and Federal Circuit Rule 26(b), Appellant Apple Inc. ("Apple") respectfully moves for a 59-day extension of time, up to and including July 17, 2023, to file and serve its principal brief in the above-captioned appeal. Apple has conferred with counsel for Cross-Appellant Gesture Technology Partners, LLC ("GTP") and for Appellees LG Electronics Inc., LG Electronics USA, Inc., and Google LLC regarding this motion, and they do not oppose the relief sought herein.

Apple's principal brief is currently due May 19, 2023. Apple respectfully requests that the briefing schedule be revised such that the deadline is extended by 59 days, up to and including July 17, 2023. This motion is timely because it is filed at least 7 days before the date sought to be extended. Apple has not previously requested an extension of time in this appeal.

As set forth in the accompanying declaration of counsel, there is good cause for the requested 59-day extension. Apple requests this extension of time because the existing briefing schedule conflicts with the professional and personal obligations of Apple's counsel, and to allow Apple and its counsel adequate time to prepare Apple's principal brief in light of those obligations. As detailed in the attached declaration, Apple's counsel's obligations during the time allotted to prepare, file, and serve its Principal Brief include preparing a responsive claim construction and summary judgment briefs in an ongoing litigation matter,

preparing, and filing *Daubert* motions in two ongoing litigation matters, and taking/defending expert depositions in two different matters. In addition, these obligations also include finalizing and filing numerous petitions for *inter partes* review by early June. Finally, Apple's counsel's obligations also include the Principal Briefs in two related appeals between the parties that are due on or about the same time as the Principal Brief in this appeal. *See Apple Inc. v. Gesture Tech. Partners, LLC*, No. 23-1501; *Apple Inc. v. Gesture Tech. Partners*, No. 23-1494.

Additionally, counsel for GTP has also moved for a 59-day extension of time to file and serve its principal brief in the related *Gesture Tech. Partners, LLC v. Apple Inc.*, No. 23-1463. This requested extension will maintain the alignment of the briefing schedules for all related appeals between the parties.

For the foregoing reasons, Apple respectfully requests the Court grant a 59-day extension of time, from May 19, 2023, up to and including July 17, 2023, to file its principal brief in this appeal.

Dated:  May 3, 2023                  */s/ Adam P. Seitz*
                                     Adam P. Seitz
                                     adam.seitz@eriseip.com
                                     ERISE IP, P.A.
                                     7015 College Blvd, Suite 700
                                     Overland Park, KS 66211
                                     (913) 777-5600 Telephone
                                     (913) 777-5601 Facsimile

                                     *Counsel for Appellant Apple Inc.*

## **CERTIFICATE OF COMPLIANCE**

The undersigned certifies that this motion complies with the type-volume limitation set forth in Fed. R. App. P. 27(d)(2)(A). Excluding the portions exempted by Fed. R. App. P. 27(d)(2) and Fed. Cir. R. 27(d), this Motion contains:

- 952 words as counted by Microsoft Word 2016, the word-processing system used to prepare this paper; and

- 0 words in the illustrations, counted manually.

This motion's total word count, excluding exempt portions, is 952 words, which complies with the 5,200-word limit set by Fed. R. App. P. 27(d)(2)(A).

The undersigned further certifies that this motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 and 14-point Times New Roman type.


Dated:  May 3, 2023              */s/ Adam P. Seitz*
                                Adam P. Seitz
                                adam.seitz@eriseip.com
                                ERISE IP, P.A.
                                7015 College Blvd, Suite 700
                                Overland Park, KS 66211
                                (913) 777-5600 Telephone
                                (913) 777-5601 Facsimile

                                *Counsel for Appellant Apple Inc.*

Nos. 2023-1475, -1533

## DECLARATION OF ADAM P. SEITZ

I, Adam P. Seitz, declare as follows:

1.      I am a shareholder at Erise IP, P.A. I am lead counsel for Appellant Apple Inc. ("Apple") in this appeal. I am admitted to practice law in the State of Kansas.

2.      I submit this declaration pursuant to Federal Circuit Rule 26(b) in support of Appellant's Unopposed Motion for 59-Day Extension of Time to File its Principal Brief. I make this declaration as required by Federal Circuit Rule 26(b)(3). I have knowledge of the facts set forth below and, if called as a witness, could and would testify to them.

3.      Apple's principal brief is currently due May 19, 2023. Apple's motion seeks an extension of 59 days, up to and including July 17, 2023.

4.      Apple has not previously sought an extension for its principal brief.

5.      There is good cause for a 59-day extension of time to file Apple's principal brief. Appellant's counsel of record have significant additional client responsibilities that interfere with our ability to complete Appellant's Principal Brief by May 19, 2023. My obligations include (i) preparing responsive claim construction briefing in *MCP IP, LLC v. Ravin Crossbows, LLC*, No. 3:22-CV-4 (W.D.WI) on May 22, 2023; (ii) preparing a brief opposing summary judgment in *MCP IP*

summary judgment on May 22, 2023; (iii) taking expert depositions in the same *MCP IP* matter in late May 2023; (iv) defending an expert deposition in *Apple Inc. v. RFCyber Corp.*, Case No. IPR2022-01239 on May 11, 2023; (v) preparing and filing three (3) IPRs for a pending litigation matter in the Western District of Texas by May 24, 2023, where the identity of the petitioner needs to remain confidential; (vi) preparing and filing four (4) IPRs for a pending litigation matter in the Western District of Texas by early June 2023 where the identity of the petitioner needs to remain confidential; (vii) preparing a reply claim construction brief in *General Electric Company v. LPP Combustion, LLC*, No. 1-22-cv-00720 (D.Del.) by May 31, 2023; (viii) preparing a technology tutorial in the *General Electric* matter by June 16, 2023; and (ix) preparing Principal Briefs in the related appeals involving Apple and Gesture Tech (*Apple Inc. v. Gesture Tech. Partners, LLC*, No. 23-1501; *Apple Inc. v. Gesture Tech. Partners*, No. 23-1494), all of which are due within one week of each other. Accordingly, Appellant requests additional time to file its Principal Brief from May 19, 2023, up to and including July 17, 2023.

6.     I have consulted with counsel for Cross-Appellant Gesture Technology Partners, LLC ("GTP") and for Appellees LG Electronics Inc., LG Electronics USA, Inc., and Google LLC regarding this extension request. Counsel for GTP and Appellees has advised that they do not oppose the grant of a 59-day extension.

7.      For the above-listed reasons, Appellant respectfully submits that good cause exists for the requested extension.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 3, 2023

> */s/ Adam P. Seitz*
> Adam P. Seitz
>
> *Counsel for Appellant Apple Inc.*